## George Walters v. Charles Walters.

1. REPLEVIN—*what alternative judgment in.* A judgment in replevin which provides that the plaintiff shall return the property involved to the defendant, and that in lieu thereof the defendant shall recover of the plaintiff a specified sum of money, is an alternative judgment and gives to the plaintiff the option either to return the property or to pay the money award, and if he elects to and does the latter, replevin in another state cannot be entertained by such defendant for the recovery of the property in question.

Action of replevin. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

J. F. MERRYMAN and J. H. McMURDO, for appellant.

L. P. CRIGLER and DEMPCY & WASHBURN, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in replevin by appellant against appellee, commenced before a justice of the peace of St. Clair County. Trial was had and judgment rendered in the justice's court and the case was appealed to the City Court of East St. Louis, where it was again tried. From the judgment of the latter court an appeal was prosecuted to this court.

The property in dispute is a piano, and at a time prior to the commencement of this suit both the parties and the piano were in the State of .Missouri, and the piano was in the possession of appellant. While this state of facts existed appellee commenced a replevin suit against appellant, before a justice of the peace in the State of Missouri, for possession of the piano. A proper writ was duly served, the piano placed in the possession of appellee, and due return made by the officer. The record shows that on the day and at the hour specified in the writ for trial came both "the plaintiff and the defendant, and their counsel, and announced themselves ready for trial. The evidence

Walters v. Walters.

and arguments being heard and the cause submitted, the justice doth adjudge that the plaintiff recover nothing by this suit, and that the plaintiff pay the costs of suit herein expended. The plaintiff to return the property described, to the defendant, or in lieu thereof the defendant, George W. Walters, is to recover of the plaintiff, Charles Walters, the sum of thirty-five dollars and his costs herein expended." From this judgment no appeal was taken. This was an alternative judgment. It gave appellee an option. He could satisfy it by returning the piano to appellant and paying the costs, or he could keep the piano and satisfy the judgment by the payment of thirty-five dollars and the costs. He chose the latter, and paid to the constable thirty-five dollars and all the costs, in full satisfaction of the judgment.

In the meantime appellee moved to East St. Louis in this state, bringing the piano with him, and thereafter the suit at bar was commenced, as noted in the beginning of this opinion. Certain statutes of the State of Missouri and all the proceedings had and the judgment rendered in the justice court of that state were properly proved on the trial in the court below, and appear in the record before us. They show that the Missouri justice had jurisdiction of the parties and of the subject-matter, that the judgment there rendered was not appealed from, that it was not procured by any fraud on the part of appellee, and that it had been fully satisfied, before the suit at bar was commenced. Whether or not the judgment of the Missouri justice is erroneous, we have neither the means of knowing nor the power to determine. We have no appellate jurisdiction over that case, or that judgment. It is clear from the record before us that it is not void. The rights of the parties as fixed by it must be respected by the courts of this state, until it is set aside or vacated in some manner provided by the laws of the state where it was rendered.

We find no error in the record. The judgment of the City Court of East St. Louis is affirmed.

*Affirmed.*